

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | | |
|---|---|---|
| JAMES GERMALIC, Independent Candidate for President, | * * * | CIV 12-3030-RAL |
| Plaintiff, | * * | |
| vs. | * * * | ORDER REGARDING IN FORMA PAUPERIS STATUS AND DENYING PRELIMINARY INJUNCTION |
| JASON GANT, Secretary of State of South Dakota, | * * * | |
| Defendant. | * | |

Plaintiff James Germalic filed a Complaint on October 22, 2012, seeking an "[i]njunction to stop the ballots from being printed in order to put James Germalic's name on the ballot for the November 2012 general election." Doc. 1 at 1. Germalic seeks to have his name listed on the South Dakota general election ballot as a candidate for President of the United States of America. Doc. 1 at 1. Germalic complains about the requirement under South Dakota law that any petition circulator be a resident of the state of South Dakota who is at least 18 years of age. Doc. 1 at 1; see S.D. Codified Laws ("SDCL") § 12-1-3(9). Germalic's Complaint contains no indication whatsoever that he has even attempted to circulate a petition to obtain the requisite signatures from over one percent of those who voted in the last gubernatorial election in South Dakota to justify including him on the general election ballot. Doc. 1; see SDCL § 12-7-7.

Germalic did not pay the $350.00 filing fee for a civil case. Rather, Germalic filed a request to proceed in forma pauperis, which stated:

> I could pay the fee for one federal court, but to pay a $350 fee (or more) for all federal courts would cost me $17,500. This is many times my total worth, so truly I am a pauper and thus I ask for Pauperis status—that the fee be waived!

Doc. 3.

## I. Request to proceed in forma pauperis

In forma pauperis status is a privilege rather than a right. See e.g., Williams v. McKenzie, 834 F.2d 152, 154 (8th Cir. 1987). Determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis under 28 U.S.C. § 1915 is committed to the court's discretion. Cross v. Gen. Motors Corp., 721 F.2d 1152, 1157 (8th Cir. 1983). "In forma pauperis status does not require a litigant to demonstrate absolute destitution." Lee v. McDonald's Corp., 231 F.3d 456, 459 (8th Cir. 2000).

Germalic's Application to Proceed In Forma Pauperis leaves much to be desired. Germalic has made a blanket statement that he has the ability to pay one filing fee, but that his net worth does not permit paying filing fees throughout the United States in his effort to have his name printed on general election ballots as a candidate for President of the United States. Although the federal courthouse door should not be closed to any person simply because they are impoverished, the filing fee should be paid by those who have the capability to do so and desire to proceed with a civil filing in federal court. To assess whether Germalic is in fact indigent, this Court will require Germalic to complete the Application to Proceed in District Court Without Paying Fees or Costs (long form) that is attached to this Order. Germalic shall have until November 1, 2012, to complete the form. If he does not complete and return the form by that date, his case will be dismissed without prejudice to refiling.

## II. Injunction request

Germalic is seeking to enjoin printing of South Dakota ballots for the general election on November 6, 2012. Germalic specifically seeks an injunction to stop the printing of ballots

2

so that his name can be included as a candidate for President of the United States. Because the time is so short before the general election, this Court will proceed with a ruling on Germalic's requested injunction.

Rule 65 of the Federal Rules of Civil Procedure concerns injunctions and restraining orders. The determination of whether a court should issue a preliminary injunction "involves consideration of (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties []; (3) the probability that movant will succeed on the merits; and (4) the public interest." Dataphase Sys., Inc. v. C.L. Sys., Inc., 640 F.2d 109, 113 (8th Cir. 1981).

The first Dataphase factor is the threat of irreparable harm to the movant, in this case James Germalic. If this Court does not enter an injunction, Germalic will not be listed as a candidate for President of the United States on the general election ballot in South Dakota in 2012. While this is contrary to Germalic's wishes, and in some sense harmful to him, Germalic appears not to have even the scantest scintilla of support within the state of South Dakota for the position of President of the United States. As Germalic's Complaint makes clear, he has no one who petitioned for him to be on the ballot in South Dakota and has not even attempted to submit a nominating petition by the deadline of "the first Tuesday in August" before the election. Doc. 1; SDCL § 12-7-7.

The state of the balance between the harm to Germalic and the injury that granting the injunction would inflict on others is the second factor. The harm to Germalic is slight. The disruption to the state of South Dakota and the citizens of South Dakota from enjoining printing of ballots is immense. The election is fewer than three weeks away. Absentee voting already

3

is underway. Enjoining the printing of further ballots, or at this late date having the ballots contain Germalic's name upon them, would risk great chaos and disruption of the voting process. Doing so would subvert the statutes that the South Dakota Legislature has passed for orderly petitioning to be on a ballot and orderly conduct of elections.

The third factor in considering whether a preliminary injunction should issue is the probability that Germalic would succeed on the merits. Germalic has two seemingly insurmountable obstacles to succeeding on the merits of his case. First, Germalic appears to lack standing. For a dispute to be resolved through the judicial process in federal court, a plaintiff must have standing. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). As concerns a challenge to being on an election ballot, "if a plaintiff is required to meet a precondition or follow a certain procedure to engage in an activity or enjoy a benefit and fails to attempt to do so, that plaintiff lacks standing to sue because he or she should have at least taken steps to attempt to satisfy the precondition." Constitution Party of S.D. v. Nelson, 730 F. Supp. 2d 992, 998-99 (D.S.D. 2010), aff'd in part 639 F.3d 417 (8th Cir. 2011) (quoting Pucket v. Hot Springs Sch. Dist., 526 F.3d 1151, 1161 (8th Cir. 2008)). In Constitution Party, this Court held in part that a candidate who wanted to be listed as governor on the South Dakota ballot lacked standing because she "did not submit a petition with any signatures for certification, thus the Secretary of State never denied such a petition." Id. at 999. On appeal, the United States Court of Appeals for the Eighth Circuit affirmed the finding that there was a lack of standing. Constitution Party v. Nelson, 639 F.3d 417, 421 (8th Cir. 2011) (concluding that none of the plaintiffs satisfied their burden to show standing).

4

Second, even if Germalic could satisfy the standing requirement, his challenge to the signature requirement, the filing deadline, and the residency requirement in the South Dakota statutes likely would not succeed on the merits. This Court in <u>Constitution Party</u> directly addressed the merits of the challenge to the residency requirement for a petition circulator, finding that requirement did not violate the United States Constitution. 730 F. Supp. 2d at 1008-09. The requirements in SDCL § 12-7-7 that any person who wishes to be on the ballot in South Dakota for the position of President file a nominating petition with the Secretary of State by the "first Tuesday in August" with signatures that are not less than "one percent of the total combined vote cast for governor at the last certified gubernatorial election within the state" do not appear to be unconstitutional. See <u>id.</u> at 1003-05 (analyzing similar requirements as it relates to gubernatorial election). Therefore, Germalic has little chance of success on the merits.

The fourth and final factor that this Court is to consider in determining whether to issue a preliminary injunction is the public interest. The public interest here is for an orderly general election in South Dakota where ample ballots are available to qualified voters. The public interest disfavors disruption of the printing of ballots by the Secretary of State at this late point within three weeks of the date of the general election. Although the public interest includes having good candidate choices on the ballot, there appears to be essentially no support in the State of South Dakota for Germalic to become President of the United States. Germalic submitted no nominating petition and apparently had no one in South Dakota to circulate a nominating petition for him. As the Supreme Court of the United States has recognized, there is an "important state interest in requiring some preliminary showing of a significant modicum of support before printing the name of a political organization's candidate on the ballot" as a way

of "avoiding confusion, deception, and even frustration of the democratic process at the general election." Jenness v. Fortson, 403 U.S. 431, 442 (1971). Therefore, the public interest factor cuts in favor of preserving an orderly general election, especially in light of the fact that Germalic has made no attempt to show that he has any modicum of support in South Dakota.

### III. Conclusion

For the reasons explained above, it is hereby

ORDERED that Plaintiff James Germalic complete the Application to Proceed in District Court Without Prepaying Fees or Costs and return that form to the Clerk of Court by November 1, 2012, or alternatively pay the filing fee of $350.00, or his Complaint will be dismissed without prejudice to refiling. It is further

ORDERED that the requested preliminary injunction to stop ballots from being printed in South Dakota for the November 6, 2012 general election is denied. It is finally

ORDERED that the Clerk of Court send a copy of this Order forthwith to James Germalic and to Defendant Jason Gant, Secretary of State of South Dakota.

Dated October 26th, 2012.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE